IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL JACOBO-ROSAS,

        Petitioner,

vs.                                                 No. CV 21-00791 JCH/KBM

UNITED STATES,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under Rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts on: (i) the Writ of Habeas Corpus filed by Petitioner Gabriel Jacobo-Rosas on August 19, 2021 (Doc. 1) and (ii) Gabriel Jacobo-Rosas' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus filed September 10, 2021 (Doc. 3). Also pending before the Court are Petitioner's Application for leave to proceed *in forma pauperis* filed September 10, 2021 (Doc. 4), Petitioner's Motion to Proceed With Release filed September 20, 2021 (Doc. 6), Petitioner's Motion for Summary Judgment by Plaintiff filed October 8, 2021 (Doc. 10), and Respondent United States of America's Motion to Strike filed September 30, 2021 (Doc. 9). For the reasons explained below, the Court will dismiss Petitioner's handwritten Writ of Habeas Corpus (Doc. 1) and Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus without prejudice as premature, grant Jacobo-Rosas' Application to proceed *in forma pauperis*, and deny the remaining pending motions as moot. The Court will also deny a certificate of appealability.

1

Petitioner Gabriel Jacobo-Rosas is a federal pretrial detainee at the Cibola County Correctional Center. (Doc. 1 at 9, Doc. 3 at 1). He is presently awaiting trial in this Court on charges of possession with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. § 841(a)(1), prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5)(B), 922(g)(9), and 924, and reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). *See United States v. Jacobo-Rosas*, No. CR 20-01693 JB.

On August 19, 2021, Petitioner Jacobo-Rosas filed his handwritten Writ of Habeas Corpus. (Doc. 1). In the Writ of Habeas Corpus, Jacobo-Rosas asserted that his arrest by Santa Fe Police was without probable cause or jurisdiction, that his incarceration is illegal, and that he should be immediately released. (Doc. 1 at 2-3). In support of his claims, Jacobo-Rosas also raised the frivolous allegations that state and federal officials are engaged in a RICO conspiracy to cover up the failure of elected officials to have surety bonds on file with the New Mexico Secretary of State.[1] (Doc. 1 at 1-9).

---

[1] These frivolous allegations have been raised in over 50 cases filed by a handful of federal detainees at the Cibola County Correctional Center. *See, e.g., Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace, Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El,* CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY; *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG ; S*harp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR; *Sharp v. Department of Homeland Security*, CV 21-00827 KWR/KRS; *Sharp v. Center for Disease Control,* CV 21-00828 JB/SMV; *Sharp v. General Services Department,* CV 21-00829 WJ/GBW; *Sharp v. Balderas,* CV 21-00830 JB/KRS; *Sharp v. N.M. Secretary of State,* CV 21-00831 RB/KK; *Joseph v. U.S. Attorney's Office,* CV 21-00836 WJ/KRS; *Joseph v. Albuquerque Police Department,* CV 21-00838 KWR/GJF; *Joseph v. Johnson,* CV 21-00895 RB/KK; *Joseph v. U.S. Public Defenders Office*, No. CV 21-00903 MV/GJF; and *Joseph v. United States Attorneys Office*, CV 21-00904 JCH/KBM; *Jacobo-Rosas v. United States,* CV 21-00789 KG/GBW.

2

On August 20, 2021, the Court entered an Order to Cure Deficiencies (Doc. 2), notifying Jacobo-Rosas that his filing was not in proper form and that he had failed to pay the $5 filing fee or submit an application to proceed *in forma pauperis.* (Doc. 1 at 1). The Order also directed Jacobo-Rosas to file a habeas corpus petition in proper form and either pay the filing fee or submit an application to proceed within 30 days. (Doc. 2 at 1-2).

On September 10, 2021, Petitioner filed his Petition Under 28 U.S.C. § 2241 for a Wirt of Habeas Corpus. (Doc. 3). In his Petition, Jacobo-Rosas attacks his pending criminal prosecution in this Court on the grounds that Santa Fe Police lacked probable cause to arrest him and his current detention is illegal. (Doc. 3 at 1, 2, 4, 6). He again raises his surety bond RICO conspiracy allegations to support his contention that the police lacked probable cause and jurisdiction to arrest him. (Doc. 3 at 2-3). He requests relief in the form of "[i]mmediate release, dismissal of all charges, arrest of the RICO members, prosecution of the RICO members. (Doc. 3 at 7).

Petitioner also filed an Application to Proceed in District Court Without Prepaying Fees or Costs on September 10, 2021. (Doc. 4). He followed on September 20, 2021 with his Motion to Proceed With Release. (Doc. 6). Last, he filed a Motion for Summary Judgment on October 8, 2021 (Doc. 10), claiming that because the Court has not responded to his Petition within 20 days, he is entitled to summary judgment on all of his claims. Last, Respondent United States filed a Motion to Strike the Writ of Habeas Corpus and § 2241 Petition on the grounds that Petitioner is represented by counsel in his criminal case and, therefore, is not permitted to file pro se. (Doc. 9).

## I. Pending Motions

**A. Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4):** In his Application, Petitioner seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. The Court will grant the Application to Proceed pursuant to 28 U.S.C. § 1915(a).

**B.  Motion to Proceed With Release (Doc. 6):**  Petitioner's Motion to Proceed With Release asks the Court to immediately release him from detention.  The Court denies the Motion to Proceed With Release as moot in light of the dismissal of this proceeding.

**C.  Motion to Strike (Doc. 9):**  In its Motion to Strike, the United States seeks dismissal of Petitioner's habeas corpus petitions (Doc. 1, 3) on the grounds that the allegations are directly related to Petitioner's pending criminal prosecution and because Petitioner is not permitted to file pro se while he is represented by counsel in his criminal case.  The Court notes that under the Local Rules, a party may be prohibited from submission of pro se filings in a civil case where he is represented by counsel, but there is no bar to his proceeding pro se in a civil proceeding and the Court cannot strike Petitioner's filings on that grounds. *See* D.N.M. LR- 83.5.  The Court will also deny the Motion to Strike as moot because the case is being dismissed.

**D.  Motion for Summary Judgment (Doc. 10):**  Petitioner Jacobo-Rosas seeks summary judgment based on his contention that the Court was somehow obligated to respond to his petitions within 20 days and has failed to do so.  The Court will deny the Motion for Summary Judgment (1) because Petitioner has not made even a *prima facie* showing of entitlement to relief under Fed. R. Civ. P. 56; (2) because there is no legal support for his contention that the Court is obligated to respond to his Petitions within 20 days; and (3) as moot based on the dismissal of this case.

**E.  Effect of the Court's Rulings on Motions Pending in Criminal Case: The Court's denial of the United States' Motion to Strike or ruling on any other motion in this civil proceeding has no effect on and is not determinative of the United States' pending Motion to Strike in case No. CR-20-01693 JB (Doc. 48) or any other pending motion in CR 20-01693 JB.**

## II. **Petitioner's Filings Are Premature**

Although Petitioner Jacobo-Rosas expresses an intent to pursue habeas corpus relief, it is not clear whether his filings should be construed as a habeas corpus petition under 28 U.S.C. § 2241 (because they challenge pretrial detention) or as a motion under 28 U.S.C. § 2255 (because they challenge his underlying criminal prosecution). However, because his claims arise out of and directly attack the pending federal criminal charges, they are more akin to §2255 claims, and they are premature until the criminal case is concluded and Petitioner has had the opportunity to raise them on direct appeal.

Title 28, section 2255 provides, in relevant part, as follows:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

28 U.S.C. § 2255(a). Petitioner Jacobo-Rosas has not been tried or convicted in case No. CR 20-01693 JB. Therefore, he is not currently "in custody under a sentence of a court established by Act of Congress" as § 2255(a) requires.

The one-year time period for filing a § 2255 motion does not begin to run, in relevant part, until "[t]he date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Supreme Court of the United States has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527 (2003). If an appeal is filed, the district court is precluded "from considering a § 2255 motion while review of the direct appeal is still pending," absent the existence of extraordinary circumstances. *United States. v. Cook,* 997 F.2d 1312, 1319 (10th Cir.1993). "If the defendant does not file an appeal, the

criminal conviction becomes final upon the expiration of the time in which to take a direct appeal." *United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir.2006).

Jacobo-Rosas has not been convicted, neither a conviction nor a sentence is final, and he has not yet had an opportunity to file a direct appeal. The Court will therefore dismiss Jacobo-Rosas' Writ of Habeas Corpus and Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus without prejudice as premature. *See United States v. Bailey,* No. 96–40063–01–SAC, 1998 WL 214888, at *2 (D.Kan. March 20, 1998)(Crow, J.)(noting that "courts have apparently agreed that § 2255 motion filed before sentence is actually imposed should be dismissed as premature"); *United States v. Folse*, No. CIV 16-0196 JB/WPL, 2016 WL 1425828, at *1–2 (D.N.M. Mar. 31, 2016).

Because Jacobo-Rosas' Writ of Habeas Corpus and § 2241 Petition are premature, he has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS ORDERED** that: (i) Petitioner Gabriel Jacobo-Rosas' Writ of Habeas Corpus (Doc. 1) and Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 3) are dismissed without prejudice; (ii) Jacobo-Rosas' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is granted; (iii) Petitioner's Motion to Proceed With Release (Doc. 6), Respondent's Motion to Strike (Doc. 9), and Petitioner's Motion for Summary Judgment (Doc. 10) are denied as moot; (iv) a certificate of appealability is denied; and (v) final judgment will be entered.

SENIOR UNITED STATES DISTRICT JUDGE